IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RONALD RAY STARNER,          )
                             )
          Petitioner,        )
                             )
     v.                      )    1:09CV129
                             )
BUTCH JACKSON, Supt.,        )
                             )
          Respondent.        )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 25, 2001, in the Superior Court of Forsyth County, Petitioner was convicted by a jury of first-degree sexual offense against a child and taking indecent liberties with a child in case 00CRS53150. He was sentenced to consecutive terms of 360-441 months of imprisonment and 24-29 months of imprisonment. Petitioner did file a direct appeal, but this was denied. State v. Starner, 152 N.C. App. 150, 566 S.E.2d 814, cert. denied, 356 N.C. 311, 571 S.E.2d 209 (2002).

Following his unsuccessful direct appeal, Petitioner embarked on a lengthy collateral review process in the state courts. On November 13, 2002, he filed a motion for appropriate relief in the trial court. This was denied on April 17, 2003. Petitioner next filed a motion for habeas corpus in the Supreme Court of North Carolina, which was denied on November 4, 2003. Petitioner then did nothing for over three years until June 4, 2007, when he filed

a petition for certiorari with the North Carolina Court of Appeals seeking review of the trial court's denial of his motion for appropriate relief. It was denied on June 14, 2007. A subsequent petition for certiorari to the North Carolina Supreme Court was dismissed on August 29, 2007.

Petitioner next made another attempt at collateral relief in the state courts. On October 22, 2007, he filed a second motion for appropriate relief in the trial court. It was denied on December 3, 2007. Petitioner again sought certiorari from the North Carolina Court of Appeals, which denied his petition for certiorari on March 3, 2008. Finally, on February 9, 2009, Petitioner signed dated his habeas petition, which was received by the Court on February 18, 2009. Respondent now seeks to have the petition dismissed for being untimely filed.

## **Discussion**

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review.  Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when a petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition.  Clay v. United States, 537 U.S. 522 (2003); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); S. Ct. R. 13(1).

Here, Petitioner's petition for certiorari seeking direct review of his conviction and sentence was denied by the North Carolina Supreme Court on October 3, 2002.[2]  However, before the time for him to file for certiorari with the United States Supreme Court had expired, he filed his first motion for appropriate relief in state court.  This tolled the running of the AEDPA limitation period because the one-year limitation period is tolled while state post-conviction proceedings are pending.  Harris, supra.  The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further

---

[2] Respondent argues that Petitioner's conviction actually became final when the North Carolina Court of Appeals denied his direct appeal.  This is because Petitioner made no timely request for discretionary review and had to resort to the extraordinary remedy of a petition for certiorari, which is outside North Carolina's standard direct review process.  Respondent concludes that Petitioner never had the right to petition the United States Supreme Court for review. Although Respondent's argument may well be correct, the Court need not consider this point because, as will be seen, the petition is time-barred in any event.

-3-

appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

Petitioner's time to file was tolled from the time he filed his motion for appropriate relief on November 13, 2002, until at least April 17, 2003, when it was denied in the trial court. Although Petitioner later filed a writ of habeas corpus with the North Carolina Supreme Court, this was not part of the usual North Carolina collateral review process. Also, he let more than three years pass before he challenged the denial of his first motion for appropriate relief with a petition for certiorari in the North Carolina Court of Appeals. Respondent argues convincingly that his time to file in this Court expired during that time. Again, however, this point does not need to be decided. This is because the review of his first motion for appropriate relief indisputably ended by at least the time that the North Carolina Supreme Court dismissed his petition for certiorari on August 29, 2007. His one year to file in this Court then began to run and ran for almost two months, until October 22, 2007, when Petitioner filed his second motion for appropriate relief in the state trial court.

Once Petitioner filed his second motion for appropriate relief, his one-year period was again tolled, but with just over ten months remaining. That tolling then ended on March 3, 2008, when the North Carolina Court of Appeals denied Petitioner's

-4-

petition for certiorari seeking review of the trial court's denial of his second motion for appropriate relief. It then began to run again and expired about ten months later, or in early January of 2009. Petitioner did not date and mail his petition until a month later on February 9, 2009. Therefore, even calculating the time period in a manner that is most generous to Petitioner, his petition was still about a month late. It is time-barred and cannot be reviewed by this Court.

In his petition and in his response to Respondent's motion to dismiss, Petitioner argues that his petition should be considered because he did not learn of relevant case law until 2007 and because he does not have access to a law library. He also complains that appellate counsel should have learned of the relevant case law and relied upon it on appeal. Petitioner's arguments do not affect or challenge the analysis set out above, but are really arguments in favor of equitable tolling.

The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances are

beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d 1269. Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling. Akins, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. Pace, supra. Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman, 184 F.3d at 402.

Here, Petitioner argues that he should receive equitable tolling because he did not know about relevant case law, did not have access to legal resources, and was the victim of a mistake by counsel. However, ignorance of the law does not entitle a petitioner to equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). This is true even where it results from

a lack of legal resources.  Id. (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir.2003)).  Mistake of counsel also does not qualify a petitioner for equitable tolling.  Taliani, supra.  In short, all of Petitioner's arguments are insufficient.  He is not entitled to equitable tolling and his petition should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 4) be granted, that the petition (docket no. 1) be dismissed, and that Judgment be entered dismissing this action.


                                     /s/ Donald P. Dietrich
                                       **Donald P. Dietrich**
                              **United States Magistrate Judge**

June 15, 2009